FILED

2019 Jun-21  PM 05:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| IN RE: BLUE CROSS BLUE SHIELD ANTITRUST LITIGATION MDL NO. 2406 | : : : : : | Master File No. 2:13-cv-20000-RDP |
| THIS DOCUMENT RELATES TO: | : : | |
| MATTHEW B. CALDWELL, M.D., | : : | Case No.: 2:19-cv-00565-RDP |
| Plaintiff, | : : | |
| v. | : : | |
| BLUE CROSS AND BLUE SHIELD OF ALABAMA, *et al.*, | : : : | |
| Defendants. | : : | |

**MEMORANDUM OF CERTAIN DEFENDANTS IN SUPPORT OF MOTION TO
DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE**

## TABLE OF CONTENTS

**Page(s)**

PRELIMINARY STATEMENT ...........................................................................1

PROCEDURAL BACKGROUND......................................................................1

I.    MOVING DEFENDANTS' PERSONAL JURISDICTION MOTIONS IN
OTHER ACTIONS FILED IN ALABAMA ..........................................1

II.    THIS *CALDWELL* ACTION ...........................................................3

FACTUAL BACKGROUND.............................................................................4

LEGAL STANDARDS......................................................................................6

III.    PERSONAL JURISDICTION ..........................................................6

IV.    VENUE ..........................................................................................7

ARGUMENT....................................................................................................8

I.    THERE IS NO PERSONAL JURISDICTION OVER MOVING
DEFENDANTS UNDER SECTION 12 OF THE CLAYTON ACT. ............8

    A.    Plaintiff Must Meet The Venue Requirement Under Section 12 To Use Its
Nationwide Service Clause...................................................8

    B.    To Establish Section 12 Venue, Plaintiff Must Allege Sufficient Facts
Showing Transaction Of Substantial Business In The Northern District Of
Alabama...........................................................................8

    C.    Plaintiff Does Not Allege Sufficient Facts Showing That Moving
Defendants Transact Substantial Business In The Northern District Of
Alabama.........................................................................10

    D.    Jurisdiction Over Moving Defendants Pursuant To Section 12 Does Not
Comport With Due Process. ...............................................11

        1.    Litigating In Alabama Would Impose An Unreasonable Burden On
Moving Defendants. ..................................................12

        2.    Federal Interests Do Not Outweigh This Burden....................13

II.    PLAINTIFF CANNOT ESTABLISH PERSONAL JURISDICTION
UNDER THE STATE LONG-ARM STATUTE......................................14

    A.    Legal Standard ................................................................14

i

B.     Plaintiff's Antitrust Causes Of Action Are Not Related To Moving
       Defendants' Contacts With Alabama.................................................................16

C.     Plaintiff Does Not Establish Minimum Contacts Because He Has Not
       Demonstrated Purposeful Availment By Moving Defendants. ...........................16

D.     Based On Their Limited Contacts With Alabama, Moving Defendants
       Would Not Reasonably Anticipate Being Haled Into Court There. .....................20

E.     Vague Conspiracy Allegations Do Not Establish Personal Jurisdiction...............21

F.     Exercising Personal Jurisdiction Over Moving Defendants Would Not
       Comport With "Fair Play And Substantial Justice."............................................22

III.   VENUE IS IMPROPER UNDER SECTIONS 4 AND 16 AND 28 U.S.C.
       § 1391. ........................................................................................................................23

A.     There Is No Venue Under Sections 4 And 16 Of The Clayton Act.....................23

B.     There Is No Venue Under 28 U.S.C. § 1391........................................................24

CONCLUSION...........................................................................................................................25

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Albert Levine Assocs. v. Bertoni & Cotti*,
   309 F. Supp. 456 (S.D.N.Y. 1970) .................................................................................9

*In re Amtrak Sunset Ltd. Train Crash in Bayou Canot, Ala. on Sept. 22, 1993*,
   923 F. Supp. 1524 (S.D. Ala. 1996) ..............................................................................6

*Anrig v. Ringsby United*,
   603 F.2d 1319 (9th Cir. 1979) .....................................................................................13

*Asahi Metal Indus. Co. v. Super. Court of Cal.*,
   480 U.S. 102 (1987) ....................................................................................................12

*Austad v. U.S. Steel Corp.*,
   141 F. Supp. 437 (N.D. Cal. 1956) .............................................................................11

*Banana Distribs., Inc. v. United Fruit Co.*,
   269 F.2d 790 (2d Cir. 1959) ..........................................................................................9

*Banton Indus., Inc. v. Dimatic Die & Tool Co.*,
   801 F.2d 1283 (11th Cir. 1986).....................................................................................18

*Bayada Nurses, Inc. v. Blue Cross Blue Shield of Mich.*,
   No. 08-cv-1241, 2008 WL 2945388 (E.D. Pa. July 30, 2008) .........................17, 18

*Berg v. Blue Cross & Blue Shield of Utica-Watertown, Inc.*,
   No. C-93-2752, 1993 WL 467859 (N.D. Cal. Nov. 2, 1993) ................................19

*Black v. JP Morgan Chase & Co.*,
   No. 2:10-cv-848, 2011 WL 4102802 (W.D. Pa. Aug. 10, 2011).............................23

*Bristol-Myers Squibb Co. v. Superior Court of Cal., S.F. Cty.*,
   137 S. Ct. 1773 (2017) ..................................................................... 3, 16, 17, 18

*Browning Enter., Inc. v. Rex Iron Mach. Prods. Co., Inc.*,
   504 F. Supp. 2d 1217 (N.D. Ala. 2007) ...............................................................15, 23

*Buckley v. Robertson*,
   No. 1:96-cv-996, 1997 WL 33642373 (S.D. Ala. Apr. 18, 1997) ...........................7

*Butler v. Beer Across Am.*,
   83 F. Supp. 2d 1261 (N.D. Ala. 2000) ...............................................................12, 14

*Choice Healthcare v. Kaiser Found. Health Plan of Colo.*,
   615 F.3d 364 (5th Cir. 2010) ............................................................ 17, 18, 19, 20

*Chrysler Corp. v. Gen. Motors Corp.*,
   589 F. Supp. 1182 (D.D.C. 1984) ....................................................................9

*Corr Wireless Commc'ns, L.L.C. v. AT & T, Inc.*,
   907 F. Supp. 2d 793 (N.D. Miss. 2012) ........................................................8, 9

*Daimler AG v. Bauman*,
   571 U.S. 117 (2013) .....................................................................................15

*Daniel v. Am. Bd. of Emergency Med.*,
   428 F.3d 408 (2d Cir. 2005) ....................................................................9, 10, 14

*Delong Equip. Co. v. Washington Mills Abrasive Co.*,
   840 F.2d 843 (11th Cir. 1988) ...................................................................6, 14

*Eastman Kodak Co. of N.Y. v. S. Photo Materials Co.*,
   273 U.S. 359 (1927) .......................................................................................9

*Fraser v. Smith*,
   594 F.3d 842 (11th Cir. 2010) ................................................................ 11, 12, 16

*Gates v. Wilkinson*,
   No. 01-cv-3145, 2003 WL 21297296 (S.D.N.Y. June 4, 2003) .............................9

*Giraldo v. Drummond Co.*,
   No. 2:09-cv-1041, 2012 WL 2358306 (N.D. Ala. June 20, 2012) ...................15, 21

*Golf City, Inc. v. Wilson Sporting Goods, Co., Inc.*,
   555 F.2d 426 (5th Cir. 1977) .........................................................................10

*Goodyear Dunlop Tires Ops., S.A. v. Brown*,
   131 S. Ct. 2846 (2011) .................................................................................15

*Hi-Tex, Inc. v. TSG, Inc.*,
   87 F. Supp. 2d 738 (E.D. Mich. 2000) ...........................................................19

*Indus. Models, Inc. v. SNF, Inc.*,
   No. 14-cv-8340, 2015 WL 2399089 (N.D. Ill. May 18, 2015)............................10

*Inova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*,
   995 F. Supp. 2d 587 (N.D. Tex. 2014)............................................................17

*Int'l Air Med. Servs. Inc. v. Triple-S Salud Inc.*,
   No. 15-cv-149, 2015 WL 5158832 (D. Ariz. Sept. 3, 2015)..........................17, 19

*Intrust Financial Corp.*,
   No. 11-1312-SAC, 2012 WL 2993893 (D. Kan. July 20, 2012) ........................................... 19

*J&M Assocs., Inc. v. Romero*,
   488 F. App'x 373 (11th Cir. 2012) ................................................................................. 21

*Jenkins Brick Co. v. Bremer*,
   321 F.3d 1366 (11th Cir. 2003)..................................................................................... 24

*Kindred Hosps. E., L.L.C. v. Buffalo Bd. of Educ.*,
   No. 8:17-CV-1106-T-24MAP, 2017 WL 3622154 (M.D. Fla. Aug. 23, 2017) ........... 3, 12, 17

*KM Enters., Inc. v. Global Traffic Techs., Inc.*,
   725 F.3d 718 (7th Cir. 2013) ................................................................................ 7, 9, 10, 14

*Licciardello v. Lovelady*,
   544 F.3d 1280 (11th Cir. 2008)..................................................................................... 22

*Lucile Salter Packard Children's Hosp. at Stanford v. Idaho AGC Self-Funded Benefit Tr.*,
   No. C 18-04927 WHA, 2019 WL 1427410 (N.D. Cal. Mar. 29, 2019)................................ 18

*Madara v. Hall*,
   916 F.2d 1510 (11th Cir. 1990)..................................................................................... 22

*Ex parte Maint. Grp., Inc.*,
   261 So. 3d 337 (Ala. 2017)..................................................................................... 3, 21, 22

*Matthews v. Brookstone Stores, Inc.*,
   469 F. Supp. 2d 1056 (S.D. Ala. 2007) ........................................................................ 22

*McFadin v. Gerber*,
   587 F.3d 753 (5th Cir. 2009) .................................................................................... 18, 20

*Ex parte McNeese Title, LLC*,
   82 So.3d 670 (Ala. 2011).............................................................................................. 21

*Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*,
   288 F.3d 1264 (11th Cir. 2002)....................................................................................... 7

*Mercantile Capital, LP v. Fed. Transtel, Inc.*,
   193 F. Supp. 2d 1243 (N.D. Ala. 2002) .......................................................................... 6

*Mewbourne v. Cheytac, USA, LLC*,
   No. 2:12-CV-0661, 2013 WL 1346569 (N.D. Ala. Mar. 29, 2013) ....................................... 7

*Murdoch v. Rosenberg & Assocs., LLC*,
   875 F. Supp. 2d 6 (D.D.C. 2012) ................................................................................. 24

v

*Estate of Myhra v. Royal Caribbean Cruises, Ltd.*,
   695 F.3d 1233 (11th Cir. 2012).................................................................................7

*Norment Sec. Grp. v. Granger N., Inc.*,
   No. 2:08-cv-533-WKW, 2009 WL 458540 (M.D. Ala. Feb. 23, 2009)................................21

*Perez v. Pan Am. Life Ins. Co.*,
   96 F.3d 1442 (5th Cir. 1996) .........................................................................20

*Pocahontas Supreme Coal Co., Inc. v. Nat'l Mines Corp.*,
   90 F.R.D. 67 (S.D.N.Y. 1981) ........................................................................23

*Pritchett v. Paschall Truck Lines, Inc.*,
   714 F. Supp. 2d 1171 (M.D. Ala. 2010) ...............................................................7

*Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*,
   119 F.3d 935 (11th Cir. 1997) ..........................................................11, 12, 13

*Resolution Tr. Corp. v. First Am. Bank*,
   796 F. Supp. 1333 (C.D. Cal. 1992).....................................................17, 18

*Sanderson v. Spectrum Labs, Inc.*,
   227 F. Supp. 2d 1001 (N.D. Ind.), *aff'd*, 248 F.3d 1159 (7th Cir. 2000) ...............................10

*Snow v. DirecTV, Inc.*,
   450 F.3d 1314 (11th Cir. 2006)......................................................................21

*In re U.S. Office Prods. Co. Sec. Litig.*,
   251 F. Supp. 2d 58 (D.D.C. 2003) ....................................................................7

*United States v. Nat'l City Lines*,
   334 U.S. 573 (1948) ...............................................................................13

*United States v. Scophony Corp. of Am.*,
   333 U.S. 795 (1948) ................................................................................9

*Waite v. All Acquisition Corp.*,
   901 F.3d 1307 (11th Cir. 2018), *cert. denied sub nom.*, *Waite v. Union*
   *Carbide Corp.*, 139 S. Ct. 1384 (2019) .......................................................15, 16

*Walden v. Fiore*,
   134 S. Ct. 1115 (2014) ......................................................... 3, 17, 18, 21

*West Virginia v. Morton Int'l, Inc.*,
   264 F. Supp. 689 (D. Minn. 1967) ....................................................................13

*Westor Theatres v. Warner Bros. Pictures*,
   41 F. Supp. 757 (D.N.J. 1941) .......................................................................13

*Whittaker v. Med. Mut. of Ohio*,
    96 F. Supp. 2d 1197 (D. Kan. 2000) ...................................................................................18

*Wiegering v. Blue Cross & Blue Shield of Mass., Inc.*,
    No. 16-23031-CIV, 2017 WL 1294907 (S.D. Fla. Feb. 2, 2017) ...................................*passim*

*Willingway Hosp., Inc. v. Blue Cross & Blue Shield of Ohio*,
    870 F. Supp. 1102 (S.D. Ga. 1994) ..............................................................................8, 14

*World-Wide Volkswagen Corp. v. Woodson*,
    444 U.S. 286 (1980) ....................................................................................................20

**Statutes**

15 U.S.C. § 15 ...............................................................................................................23

15 U.S.C. § 22 ........................................................................................................*passim*

15 U.S.C. § 26 ...............................................................................................................23

28 U.S.C. § 1391 ...................................................................................................4, 23, 24

**Other Authorities**

Ala. R. Civ. P. 4.2(b) ...................................................................................................4, 14

Fed. R. Civ. P. 4(k) ..........................................................................................................14

Fed. R. Civ. P. 12(b)(2) ....................................................................................................25

Fed. R. Civ. P. 12(b)(3) ....................................................................................................25

## PRELIMINARY STATEMENT

Plaintiff expounds on various theories in his complaint trying to obtain personal jurisdiction over these Moving Defendants,[1] but comes up short on facts. The complaint makes no factual allegations establishing that Moving Defendants transact substantial business or that they have constitutionally sufficient minimum contacts in Alabama. By contrast, Moving Defendants' affidavits confirm that they do not do business, and do not have meaningful contacts, sufficient to confer personal jurisdiction or make venue proper in Alabama. These Moving Defendants therefore request that this complaint be dismissed against them.

## PROCEDURAL BACKGROUND

### I. MOVING DEFENDANTS' PERSONAL JURISDICTION MOTIONS IN OTHER ACTIONS FILED IN ALABAMA

This MDL comprises dozens of class action cases brought by providers and subscribers in various jurisdictions throughout the country asserting antitrust claims against Blue Plans and the Blue Cross and Blue Shield Association.

On September 30, 2013, Moving Defendants filed motions to dismiss the consolidated provider and subscriber complaints for lack of personal jurisdiction and improper venue.[2]

---

[1] Moving Defendants are Blue Cross Blue Shield of Arizona ("BCBS-AZ"), Blue Cross and Blue Shield of Kansas, Inc. ("BCBS-KS"), Blue Cross Blue Shield of North Dakota ("BCBS-ND"), Blue Cross Blue Shield of Wyoming ("BCBS-WY"), and HealthNow New York Inc., which does business as BlueCross BlueShield of Western New York and BlueShield of Northeastern New York (collectively, "HealthNow").

[2] Mot. of Certain Defs. to Dismiss for Lack of Personal Jurisdiction and Improper Venue, Master File ECF No. 125. Moving Defendants' motions to dismiss for lack of personal jurisdiction and improper venue addressed claims brought by providers plaintiffs in *Conway, et al. v. Blue Cross and Blue Shield of Alabama, et al.*, 2:12-cv-02532, and subscriber plaintiffs in *American Electric Motor Services, Inc., et al. v. Blue Cross and Blue Shield of Alabama, et al.*, 2:12-cv-02169, *Pettus Plumbing & Piping, Inc. v. Blue Cross Blue Shield of Alabama, et al.*, 3:16-cv-00297, and *Pearce, Bevill, Leesburg, Moore, P.C. v. Blue Cross Blue Shield of Alabama, et al.*, 2:16-cv-00464.

On April 9, 2014, the Court heard argument only on the question of "what rule of law should be applied to determine personal jurisdiction and venue in the antitrust context." Mem. Op. at 24, June 18, 2014, Master File ECF No. 204.

On June 18, 2014, the Court ruled in favor of Moving Defendants, holding plaintiffs must satisfy the venue requirements of Section 12 of the Clayton Act if they intend to rely on its nationwide service of process provision to establish personal jurisdiction. *Id.* at 28-29 (this approach outlined by the Seventh Circuit "is the correct rule of law"). The Court did not rule on other substantive aspects of Moving Defendants' motion.

After providers and subscribers filed amended master complaints in late 2014,[3] Moving Defendants renewed their motions to dismiss the underlying provider and subscriber actions filed in Alabama for lack of personal jurisdiction and improper venue.[4] The Court directed the parties to engage in jurisdictional discovery regarding Moving Defendants' contacts with Alabama. Order at 3, May 27, 2015, Master File ECF No. 369.

On June 10, 2016, Moving Defendants refiled their motions to dismiss raising objections to personal jurisdiction and venue in Alabama. *Conway* ECF No. 360. On December 21, 2016, the Court held that it could exercise personal jurisdiction over Moving Defendants because: (1) Moving Defendants transact substantial business in the Northern District of Alabama, establishing venue under Section 12 of the Clayton Act; (2) plaintiffs' conspiracy allegations establish personal jurisdiction under the conspiracy theory of personal jurisdiction; and (3) Moving Defendants have sufficient minimum contacts with Alabama to comport with the Due

---

[3] Corrected Consolidated Second Amended Provider Complaint filed Nov. 11, 2014 ("Provs.' 2d Am. Compl.") (Master File ECF No. 236); Class Action Complaint filed Dec. 19, 2014 ("Subs.' Am. Compl."), Master File ECF No. 244.

[4] Mot. of Certain Defs. to Dismiss for Lack of Personal Jurisdiction and Improper Venue filed Dec. 22, 2014, Master File ECF No. 313.

Process Clause of the Fourteenth Amendment.  Master File ECF No. 925.  The Court denied

Moving Defendants' request to certify that Order for immediate interlocutory appeal to the

Eleventh Circuit.  Master File ECF No. 990 (Feb. 14, 2017).[5]

## II.   THIS *CALDWELL* ACTION

On April 15, 2019, provider plaintiff Caldwell filed this class action, alleging claims

identical to those alleged by Alabama providers in *Conway*.  Plaintiff Caldwell seeks to represent

an injunction class of all Alabama healthcare providers (other than acute care hospitals) and a

damages class of Alabama healthcare providers (other than acute care hospitals) who submitted

claims to BCBS-AL since April 15, 2015.  Compl. ¶¶ 434-35.

Plaintiff Caldwell makes the following allegations in support of his assertion that the

Court has personal jurisdiction over defendants:  (1) *some* defendants have entered into contracts

with healthcare providers in Alabama; (2) all defendants "have significant business in and

contacts with Alabama through the national programs," *e.g.*, the BlueCard program, either

---

[5] Moving Defendants continue to assert that this Court lacks personal jurisdiction over them. *See, e.g.*, Master File ECF No. 1204 at p. 68, ¶ 17 (May 17, 2017); Master File ECF No. 1206 at p. 67, ¶ 17 (May 17, 2017); Master File ECF No. 1208 at p. 68, ¶ 17 (May 17, 2017); Master File ECF No. 1213 at p. 70, ¶ 17 (May 17, 2017); Master File ECF No. 1217 at p. 70, ¶ 17 (May 17, 2017).  Since the Court issued its December 21, 2016 ruling, courts have declined to exercise personal jurisdiction for reasons Moving Defendants articulated in prior motions to dismiss.  *See Ex parte Maint. Grp., Inc.*, 261 So. 3d 337, 349 (Ala. 2017) (following *Walden v. Fiore*, 134 S. Ct. 1115, 1126 (2014) and finding no personal jurisdiction under a conspiracy theory due to lack of "a sufficient nexus" between defendant's "purposeful activity within Alabama and the claims made in [the] action"); *Kindred Hosps. E., L.L.C. v. Buffalo Bd. of Educ.*, No. 8:17-CV-1106-T-24MAP, 2017 WL 3622154, at *5 (M.D. Fla. Aug. 23, 2017) (holding exercise of personal jurisdiction over out-of-state Blue plan would violate due process); *Wiegering v. Blue Cross & Blue Shield of Mass., Inc.*, No. 16-23031-CIV, 2017 WL 1294907, at *8 (S.D. Fla. Feb. 2, 2017) (holding no personal jurisdiction over out-of-state Blue Plan in Florida even though it provided services to members residing there); *see also Bristol-Myers Squibb Co. v. Superior Court of Cal., S.F. Cty.*, 137 S. Ct. 1773, 1782 (2017) (confirming that "[a] corporation's 'continuous activity of some sorts within a state . . . is not enough to support the demand that the corporation be amenable to suits unrelated to that activity'") (alternation in original).

because defendants' subscribers receive treatment in Alabama or because Blue Cross and Blue Shield of Alabama ("BCBS-AL") subscribers receive treatment in defendants' service areas; and (3) all defendants have conspired with BCBS-AL. *Id.* ¶ 20. The complaint alleges that personal jurisdiction is proper in the Northern District of Alabama under Section 12, the conspiracy theory of personal jurisdiction, and the Alabama long-arm statute, Ala. R. Civ. P. 4.2(b), based on Moving Defendants' payments to health care providers for treating Alabama patients. *Id.* ¶ 21. Plaintiff alleges venue is proper in the Northern District of Alabama under Section 12 of the Clayton Act and 28 U.S.C. § 1391. *Id.* ¶ 22.

## FACTUAL BACKGROUND

None of the Moving Defendants is incorporated in or has its principal place of business in Alabama. The Moving Defendants have no offices or mailing addresses in Alabama, and they do not own any assets or lease any real property in Alabama. Moving Defendants have no employees, representatives or agents for service of process in Alabama. Moving Defendants maintain no bank accounts in Alabama. BCBS-KS and HealthNow file no tax returns in Alabama.[6]

The Moving Defendants neither issue insurance contracts or policies, nor solicit business of any kind in Alabama. Moving Defendants do not exercise control over any subsidiaries who transact business in Alabama. Moving Defendants are not registered or qualified to do business in Alabama.

---

[6] BCBS-AZ is included in a composite state tax filing in Alabama for de minimis income or losses derived from investments in real estate funds that own properties in Alabama. BCBS-AZ Aff. ¶ 9 (Ex. 1). BCBS-ND and BCBS-WY have filed tax returns in Alabama due to income derived from a partnership. BCBS-ND Aff. ¶ 9 (Ex. 5); BCBS-WY Aff. ¶ 9 (Ex. 3). The income attributable to BCBS-ND and BCBS-WY in Alabama due to this partnership represents less than 1% of BCBS-ND's annual income and less than 0.1% of BCBS-WY's annual income. BCBS-ND Aff. ¶ 9 (Ex. 5); BCBS-WY Aff. ¶ 9 (Ex. 3).

Moving Defendants do not provide group coverage or administrative services for groups headquartered in Alabama.  The Moving Defendants have insignificant member populations[7] in Alabama.  BCBS-ND does not have any direct contracts with providers in Alabama.  BCBS-AZ, BCBS-KS, BCBS-WY, and HealthNow have only a few contracts with ancillary providers in Alabama.[8]  A miniscule percentage of Moving Defendants' members submitting claims in 2018 under the BlueCard program received services from providers in Alabama.[9]

---

[7] The Moving Defendants contract with certain employer groups that have employees living in Alabama and in the Northern District of Alabama, but they do not have significant member populations there.  The number of Moving Defendants' members who reside in Alabama and the Northern District of Alabama is as follows:  644 in Alabama and 300 in the Northern District of Alabama for BCBS-AZ; 141 in Alabama and 77 in the Northern District of Alabama for BCBS-KS; 9 in Alabama and 3 in the Northern District of Alabama for BCBS-WY; 1320 in Alabama and 689 in the Northern District of Alabama for HealthNow; and 67 in Alabama and 30 in the Northern District of Alabama for BCBS-ND.  These numbers represent the following percentages of Moving Defendants' total group membership:  0.13% in Alabama and 0.06% in the Northern District of Alabama for BCBS-AZ; 0.02% in Alabama and 0.01% in the Northern District of Alabama for BCBS-KS; 0.01% in Alabama and 0.003% in the Northern District of Alabama for BCBS-WY; 0.26% in Alabama and 0.14% in the Northern District of Alabama for HealthNow; and 0.02% in Alabama and 0.01% in the Northern District of Alabama for BCBS-ND.  BCBS-AZ Aff. ¶ 15 (Ex. 1); BCBS-KS Aff. ¶ 15 (Ex. 2); BCBS-WY Aff. ¶ 15 (Ex. 3); HealthNow Aff. ¶ 15 (Ex. 4); BCBS-ND Aff. ¶ 15 (Ex. 5).

[8] BCBS-AZ has had provider contracts with three laboratories and one specialty pharmacy located in the Northern District of Alabama.  BCBS-AZ Aff. ¶ 13 (Ex. 1).  BCBS-KS has a provider contract with one laboratory in the Northern District of Alabama.  BCBS-KS Aff. ¶ 13 (Ex. 2).  BCBS-WY has a provider contract with a laboratory in the Northern District of Alabama and a durable medical equipment supplier in Alabama.  BCBS-WY Aff. ¶ 13 (Ex. 3).  HealthNow has provider contracts with two pharmacies in Alabama, one of which is located in the Northern District of Alabama.  HealthNow Aff. ¶ 13 (Ex. 4).

[9] In 2018, the percentages of Moving Defendants' total number of members who submitted BlueCard claims and received services from a provider in Alabama and the Northern District of Alabama were: 0.38% in Alabama and 0.32% in the Northern District of Alabama for BCBS-AZ; 0.2% in Alabama and 0.11% in the Northern District of Alabama for BCBS-KS; 0.33% in Alabama and 0.24% in the Northern District of Alabama for BCBS-WY; 1.51% in Alabama and 1.27% in the Northern District of Alabama for HealthNow; and 0.76% in Alabama and 0.41% in the Northern District of Alabama for BCBS-ND.  The total number of Moving Defendants' members who received services in Alabama and the Northern District of Alabama through the BlueCard program in 2018 was: 308 in Alabama and 263 in the Northern District of Alabama for BCBS-AZ; 244 in Alabama and 127 in the Northern District of Alabama for BCBS-KS; 133 in (Continued...)

5

Plaintiff Caldwell's complaint does not allege any act or event involving any of the Moving Defendants in Alabama. For example, in asserting his antitrust claims, plaintiff does not plead any *facts* demonstrating that Moving Defendants entered into any agreements or otherwise engaged in any allegedly anticompetitive conduct in Alabama. Compl. ¶ 20. And while plaintiff alleges that all defendants participate in the BlueCard program and other national programs (*see id.*), he does not allege any facts showing specific actions taken by Moving Defendants through these programs in Alabama.

## LEGAL STANDARDS

### III.   PERSONAL JURISDICTION

In order for the MDL court to exercise personal jurisdiction over Moving Defendants, personal jurisdiction must be proper in the state where each transferor court sits. *In re Amtrak Sunset Ltd. Train Crash in Bayou Canot, Ala. on Sept. 22, 1993*, 923 F. Supp. 1524, 1527 (S.D. Ala. 1996). Plaintiff "bears the initial burden of alleging personal jurisdiction by pleading sufficient material facts to establish the basis for exercise of such jurisdiction." *Mercantile Capital, LP v. Fed. Transtel, Inc.*, 193 F. Supp. 2d 1243, 1247 (N.D. Ala. 2002).

Thus, plaintiff must establish both (1) a basis for service of process on Moving Defendants in Alabama; and (2) a constitutionally-sufficient relationship between Moving Defendants and Alabama. *Delong Equip. Co. v. Washington Mills Abrasive Co.*, 840 F.2d 843, 847 (11th Cir. 1988). Plaintiff may establish federal personal jurisdiction by pleading sufficient facts to show that Moving Defendants are amenable to suit either under the laws of Alabama or

---

Alabama and 96 in the Northern District of Alabama for BCBS-WY; 2885 in Alabama and 2424 in the Northern District of Alabama for HealthNow; and 707 in Alabama and 384 in the Northern District of Alabama for BCBS-ND. BCBS-AZ Aff. ¶ 16 (Ex. 1); BCBS-KS Aff. ¶ 16 (Ex. 2); BCBS-WY Aff. ¶ 16 (Ex. 3); HealthNow Aff. ¶ 16 (Ex. 4); BCBS-ND Aff. ¶ 16 (Ex. 5).

under a federal statute providing nationwide service of process. *KM Enters., Inc. v. Global Traffic Techs., Inc.*, 725 F.3d 718, 723 (7th Cir. 2013) (citing Fed. R. Civ. P. 4(k)(1)(A) and (1)(C)). Defendants are entitled to the protections of due process under either approach. *Id.*

Where, as here, defendants challenge jurisdiction with supporting affidavits, "the burden [ ] shifts back to the plaintiff to produce evidence supporting jurisdiction." *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002). Although the Court must construe all reasonable inferences in favor of plaintiff when evidence conflicts, it "is not obligated to accept [plaintiff's] mere legal conclusions posited as facts" even if plaintiff submits such statements in an affidavit. *Mewbourne v. Cheytac, USA, LLC*, No. 2:12-CV-0661, 2013 WL 1346569, at *11 (N.D. Ala. Mar. 29, 2013) (citing *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1276-77 (11th Cir. 2009)).

## IV.   VENUE

An MDL plaintiff also bears the burden of showing that venue is proper in the transferor court as to each Moving Defendant. *Pritchett v. Paschall Truck Lines, Inc.*, 714 F. Supp. 2d 1171, 1172 (M.D. Ala. 2010); *In re U.S. Office Prods. Co. Sec. Litig.*, 251 F. Supp. 2d 58, 65 (D.D.C. 2003). If Moving Defendants' affidavits controvert the facts alleged in the complaints, plaintiff must respond with affidavits. *Estate of Myhra v. Royal Caribbean Cruises, Ltd.*, 695 F.3d 1233, 1239 (11th Cir. 2012). Plaintiff cannot meet this burden with "conclusory or unsupported statements." *Buckley v. Robertson*, No. 1:96-cv-996, 1997 WL 33642373, at *4 (S.D. Ala. Apr. 18, 1997).

## ARGUMENT

I. **THERE IS NO PERSONAL JURISDICTION OVER MOVING DEFENDANTS UNDER SECTION 12 OF THE CLAYTON ACT.**

### A. Plaintiff Must Meet The Venue Requirement Under Section 12 To Use Its Nationwide Service Clause.

Plaintiff cannot rely on Section 12 of the Clayton Act as a basis for personal jurisdiction over Moving Defendants in Alabama if Moving Defendants are not amenable to service in the Northern District of Alabama under Section 12. *See* Mem. Op. at 24-28, June 18, 2014, Master File ECF No. 204 (citing *KM Enters.*, 725 F.3d at 730). Where a federal statute like the Clayton Act provides for service of process, courts generally determine whether a defendant can properly be served with process under the statute, and then determine whether "that service comports with the constitutional principles of due process." *Willingway Hosp., Inc. v. Blue Cross & Blue Shield of Ohio*, 870 F. Supp. 1102, 1104 (S.D. Ga. 1994). This Court held that the "integrated" reading of Section 12 is the correct one, and therefore plaintiff must show that venue in the Northern District of Alabama is proper under Section 12 if he intends to rely on that provision's nationwide service clause to establish personal jurisdiction.

### B. To Establish Section 12 Venue, Plaintiff Must Allege Sufficient Facts Showing Transaction Of Substantial Business In The Northern District Of Alabama.

To establish venue under Section 12, plaintiff must show that Moving Defendants either: (1) are inhabitants of the district; (2) are found in the district; or (3) transact business in the district. 15 U.S.C. § 22. Plaintiff does not allege that Moving Defendants are inhabitants of or are found in the Northern District of Alabama.[10] Instead, plaintiff alleges that this Court has

---

[10] Corporate defendants are "inhabitants" of the state where they are incorporated. *Corr Wireless Commc'ns, L.L.C. v. AT & T, Inc.*, 907 F. Supp. 2d 793, 800 (N.D. Miss. 2012). "Being found" (Continued...)

personal jurisdiction over Moving Defendants because they "transact business" in the district. *See* Compl. ¶¶ 20-21. "Transacting business" means "doing business" of a "substantial character." *KM Enters.*, 725 F.3d at 731 (quoting *United States v. Scophony Corp. of Am.,* 333 U.S. 795, 807 (1948)). The touchstone for Section 12 venue is transacting business of a "substantial character." *Eastman Kodak Co. of N.Y. v. S. Photo Materials Co.*, 273 U.S. 359, 373 (1927).

The "substantial character" test is fact-specific. *See Scophony Corp.*, 333 U.S. at 819 (Frankfurter, J., concurring); *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 429 (2d Cir. 2005) (under Section 12, "the propriety of venue turns on the nature of the corporate defendant's business"); *Albert Levine Assocs. v. Bertoni & Cotti*, 309 F. Supp. 456, 458 (S.D.N.Y. 1970) ("Each case of this kind is governed by its individual facts . . . ."). "[A] few isolated and peripheral contacts with the" district do not indicate a substantial transaction of business. *Gates v. Wilkinson*, No. 01-cv-3145, 2003 WL 21297296, at *1 (S.D.N.Y. June 4, 2003) (quotation omitted). Substantiality may be shown by: using representatives to solicit business in the district, *Eastman Kodak*, 273 U.S. at 374; maintaining offices in the district, *Banana Distribs., Inc. v. United Fruit Co.*, 269 F.2d 790, 794 & n.8 (2d Cir. 1959); or exercising extensive control over a subsidiary or distributor transacting business in the district, *Chrysler Corp. v. Gen. Motors Corp.*, 589 F. Supp. 1182, 1200-02 (D.D.C. 1984).

Other factors relied on to assess substantiality include: "the extent of business solicitation and advertising within the district, the dollar amount and percentage of sales in the district, and the continuity and regularity of the defendant's business activities in the district."

---

is "generally equated with 'doing business' there" but requires a greater degree of business activity than that required for "transacting business." *See id.*

*Sanderson v. Spectrum Labs, Inc.*, 227 F. Supp. 2d 1001, 1007 (N.D. Ind.), *aff'd*, 248 F.3d 1159 (7th Cir. 2000); *see also KM Enters.*, 725 F.3d at 731-32 (finding that limited number of sales, which constituted a miniscule percentage of defendant's total sales, "provid[ed] only the weakest support for venue"); *Indus. Models, Inc. v. SNF, Inc.*, No. 14-cv-8340, 2015 WL 2399089, at *2 (N.D. Ill. May 18, 2015) (finding no venue under Section 12 where less than 1% of defendant's sales occurred in the forum).  Courts consider these factors in the context of the nature of defendant's business and industry.  *Daniel*, 428 F.3d at 429.

### C.   Plaintiff Does Not Allege Sufficient Facts Showing That Moving Defendants Transact Substantial Business In The Northern District Of Alabama.

Plaintiff's bare allegation that Moving Defendants "transact business" does not meet his burden to "plead sufficient *facts* demonstrating that the defendant transacts business of a substantial nature within the district." *Sanderson*, 227 F. Supp. 2d at 1007 (emphasis added). Plaintiff cannot allege such facts because Moving Defendants meet none of the indicia of substantially transacting business in the Northern District of Alabama.  They do not solicit or advertise in the district.  They have no employees or representatives who are located in the district.  They do not have offices or own real property in the district.  They do not exercise control over any subsidiary or affiliate who transacts business there.  They do not offer insurance or other products in the district.

The presence of some of Moving Defendants' members in the Northern District of Alabama does not establish that Moving Defendants transact substantial business there.  *See Golf City, Inc. v. Wilson Sporting Goods, Co., Inc.*, 555 F.2d 426, 436-38 (5th Cir. 1977) (out-of-state organization "does not 'transact business' in a judicial district merely because some of its members reside in the district").  The number of members who happen to reside or receive treatment in the district is insubstantial, and constitutes a small percentage of their business in

relation to their total membership.  In the context of the entire health insurance industry, the minuteness of the percentage is even more significant.  *See Austad v. U.S. Steel Corp.*, 141 F. Supp. 437, 441-43 (N.D. Cal. 1956) (comparing insignificant nature of in-district sales with steel industry as a whole).

For these reasons, venue is improper in the Northern District of Alabama under Section 12, and plaintiff therefore cannot rely on its nationwide service clause.  Thus, the Clayton Act is not a statutory basis for establishing personal jurisdiction over Moving Defendants in Alabama.

### D.   Jurisdiction Over Moving Defendants Pursuant To Section 12 Does Not Comport With Due Process.

Because Section 12 does not provide a statutory basis for personal jurisdiction, the Court need not reach the question of whether the exercise of jurisdiction over Moving Defendants in Alabama would satisfy the demands of due process.  In any event, exercising jurisdiction over Moving Defendants pursuant to Section 12 would not meet the requirements of due process.

When a federal statute provides the basis for personal jurisdiction, courts apply Fifth Amendment due process analysis to determine whether the assertion of personal jurisdiction comports with "fair play and substantial justice."  *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 945 (11th Cir. 1997).  While this analysis looks to a defendant's contacts with the nation as a whole, courts also consider a defendant's contacts with the forum to ensure that the defendant is not "unduly burdened by the assertion of jurisdiction in a faraway and inconvenient forum."  *Id.* at 947.  Thus, "fairness" and "reasonableness" must be taken into account in any Fifth Amendment due process analysis.  *Id.* at 945; *see also Fraser v. Smith*, 594 F.3d 842, 849 n.10 (11th Cir. 2010).  To evaluate whether the exercise of jurisdiction is fair and reasonable, "courts should balance the burdens imposed on the individual defendant against the federal interest involved in the litigation."  *BCCI*, 119 F.3d at 946.

**1.    Litigating In Alabama Would Impose An Unreasonable Burden On Moving Defendants.**

Courts rely on the factors used for the Fourteenth Amendment fairness analysis in analyzing inconvenience under the Fifth Amendment.  *Fraser*, 594 F.3d at 849 n.10; *BCCI*, 1119 F.3d at 946.  The factors considered are: "the burden on the defendant," "the interests of the forum State," "the plaintiff's interest in obtaining relief," "the interstate judicial system's interest in obtaining the most efficient resolution of controversies," and "the shared interest of the several States in furthering fundamental substantive social policies."  *Asahi Metal Indus. Co. v. Super. Court of Cal.*, 480 U.S. 102, 113 (1987) (citation omitted).

Here, the fairness and reasonableness requirements of due process are not met.  Moving Defendants do not solicit or conduct business in Alabama.  Indeed, Moving Defendants operate only in certain geographic regions of the country, which is the crux of plaintiff's claims against them.  Moving Defendants therefore would be burdened by having to "mount an effective defense against [ ] potentially substantial claim[s] in a remote jurisdiction to which [they have] no real ties."  *Butler v. Beer Across Am.*, 83 F. Supp. 2d 1261, 1268 (N.D. Ala. 2000).  And recent decisions confirm this is true for out-of-state Blue plans.  *See Kindred Hosps.*, 2017 WL 3622154, at *5 (Blue Plan "would be burdened by litigating . . . in Florida because all of [its] business operations are located in New York"); *Wiegering*, 2017 WL 1294907, at *8 (Blue Plan "will be burdened by litigating in [Florida] because all of its business operations are located in Massachusetts").  Alabama does not have a significant interest in adjudicating a dispute with health insurers that have not registered with it or been licensed to operate within its borders, and that do not have constitutionally sufficient contacts with it.  And, plaintiff can obtain relief in another forum, because he is free to bring his claims in federal courts in the states where Moving Defendants operate.  This is consistent with the interests of the interstate judicial system and

Alabama because the interested states are those where Moving Defendants operate and are subject to regulatory oversight.   The claims against Moving Defendants can be disposed of efficiently in the states where they operate.

### 2.     Federal Interests Do Not Outweigh This Burden.

Plaintiff does not and cannot make a showing that there is a federal interest in litigating his antitrust claims in Alabama, which outweighs the burden such litigation would impose on Moving Defendants.   *See BCCI*, 119 F.3d at 948.   This analysis involves consideration of the following factors:   the federal policies advanced by the statute; the relationship between nationwide service of process and the advancement of these policies; the connection between the exercise of jurisdiction in the forum and the plaintiff's vindication of his federal right; and concerns of judicial efficiency and economy.   *Id.*

Here, the burden on Moving Defendants outweighs any purported federal interests for multiple reasons.   First, there is no clear congressional intent for all alleged antitrust co-conspirators to be tried in the same court to justify subjecting Moving Defendants to litigation in a distant and inconvenient forum.   *See, e.g.*, *Anrig v. Ringsby United*, 603 F.2d 1319, 1322-23 (9th Cir. 1979); *West Virginia v. Morton Int'l, Inc.*, 264 F. Supp. 689, 694-96 (D. Minn. 1967); *Westor Theatres v. Warner Bros. Pictures*, 41 F. Supp. 757, 762 (D.N.J. 1941).   Quite the opposite is true.   Congress was concerned with the inconvenience imposed on defendants forced to defend cases in far-flung jurisdictions, and for that reason rejected proposals allowing plaintiffs to "force trial in districts far removed from" where a defendant carries on its business. *United States v. Nat'l City Lines*, 334 U.S. 573, 588 (1948) ("In adopting § 12 Congress was not willing to give plaintiffs free rein to haul defendants hither and yon at their caprice.").   Absent this congressional intent, plaintiff cannot show a federal interest or policy to justify forcing defendants to litigate these claims in a district far from their home states.

Second, consistent with this Court's June 18, 2014 Memorandum Opinion, the inclusion of a nationwide service of process provision in Section 12 does not indicate congressional intent to provide nationwide venue or nationwide personal jurisdiction. *See KM Enters.*, 725 F.3d at 730 ("[T]he fact that Congress passed Section 12 with the intent to expand venue in antitrust cases does not indicate that Congress wanted *nationwide* venue."); *Daniel*, 428 F.3d at 425 ("[N]othing in the legislative history suggests that any member intended to extend service of process *beyond* the carefully expanded venue provision.").

Third, plaintiff can vindicate his federal rights in federal courts with personal jurisdiction over Moving Defendants. Fourth, any concerns of judicial efficiency and economy are already being served by the MDL process. Further, requiring actions to be filed in Moving Defendants' home jurisdictions promotes judicial economy because collection of any monetary judgment would have to be pursued in those jurisdictions anyway. *See Willingway*, 870 F. Supp. at 1111. For all of these reasons, the burden on Moving Defendants outweighs any purported federal interests in litigating this case in Alabama.

## II. PLAINTIFF CANNOT ESTABLISH PERSONAL JURISDICTION UNDER THE STATE LONG-ARM STATUTE.

### A. Legal Standard

To exercise personal jurisdiction over Moving Defendants in the absence of a federal statute authorizing service, the Court must find that (1) Moving Defendants are amenable to service of summons under the laws of Alabama, and (2) there is a constitutionally sufficient relationship between Moving Defendants and Alabama. *Delong*, 840 F.2d at 847; Fed. R. Civ. P. 4(k). The Alabama long-arm statute, Ala. R. Civ. P. 4.2(b), provides for jurisdiction over nonresident defendants to the extent permitted by the United States Constitution. *Butler*, 83 F. Supp. 2d at 1266. Thus, under the Fourteenth Amendment, a court may only exercise personal

jurisdiction when a defendant has minimum contacts with the forum state and the exercise of personal jurisdiction does not offend "traditional notions of fair play and substantial justice." *Giraldo v. Drummond Co.*, No. 2:09-cv-1041, 2012 WL 2358306, at \*3 (N.D. Ala. June 20, 2012).

Courts consider whether a defendant's contacts support either general or specific jurisdiction. *Browning Enter., Inc. v. Rex Iron Mach. Prods. Co., Inc.*, 504 F. Supp. 2d 1217, 1220 (N.D. Ala. 2007). General jurisdiction requires continuous and systematic general business contacts with the forum, such that the defendant is "essentially at home" there. *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 131 S. Ct. 2846, 2851, 2857 (2011). A corporation is "at home" in its state of incorporation or its principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2013). Specific jurisdiction requires plaintiff to establish that (1) his "claims arise out of or relate to" defendant's contacts with the forum; and (2) "defendant 'purposefully availed' itself of the privilege of conducting activities within the forum." *Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1313 (11th Cir. 2018), *cert. denied sub nom.*, *Waite v. Union Carbide Corp.*, 139 S. Ct. 1384 (2019).

Plaintiff does not allege that Moving Defendants are incorporated or have their principal place of business in Alabama to support a finding of general jurisdiction. Plaintiff also does not allege the requisite minimum contacts to support a finding of specific jurisdiction. Thus, there is no personal jurisdiction over Moving Defendants in Alabama under either a general or specific theory of jurisdiction.[11]

---

[11] Because plaintiff does not allege general jurisdiction, Moving Defendants address only plaintiff's allegations of minimum contacts purportedly supporting the exercise of specific jurisdiction.

**B.** **Plaintiff's Antitrust Causes Of Action Are Not Related To Moving Defendants' Contacts With Alabama.**

To determine whether specific jurisdiction comports with due process, the Court first "consider[s] whether [ ] plaintiff[ ] ha[s] established that [his] claims 'arise out of or relate to'" defendants' contacts with the forum. *Waite*, 901 F.3d at 1313. The Eleventh Circuit requires the contact must be a "but-for" cause. *Id.* at 1314. Because a pure "but-for" test would be "over-inclusive," courts must look for "a closer and more substantial causal relationship between the relevant contacts and the alleged [antitrust violation]." *Fraser*, 594 F.3d at 851.

As a matter of pure logic, the minimal number of Moving Defendants' members receiving treatment in Alabama and the incidental payments to providers there do not constitute a substantial causal relationship to plaintiff's antitrust claims grounded in allegations that Moving Defendants operate in exclusive territories in their home states. *See* Compl. ¶¶ 1, 4-6, 170, 173-74, 178. Plaintiff's allegations that Moving Defendants engaged in a price fixing and boycott conspiracy by refusing to contract with providers outside of their respective service areas (Compl. ¶¶ 4-6, 174, 313-14) actually demonstrates a lack of contacts in Alabama—the very opposite of a causal connection between plaintiff's antitrust claims and Moving Defendants' contacts with Alabama. *Waite*, 901 F.3d at 1316 (no specific jurisdiction where failure to warn occurred in Florida solely because plaintiff chose to be there, not because defendant created any contacts with Florida); *see also Bristol-Myers*, 137 S. Ct. at 1782 (no jurisdiction where "all the conduct giving rise to the [plaintiffs'] claims occurred elsewhere").

**C.** **Plaintiff Does Not Establish Minimum Contacts Because He Has Not Demonstrated Purposeful Availment By Moving Defendants.**

Plaintiff alleges that Moving Defendants have the requisite minimum contacts with Alabama due to their participation in BlueCard or similar national programs because they pay

providers for services provided to their members in Alabama.  *See* Compl. ¶ 21.  These allegations do not establish that Moving Defendants have minimum contacts with Alabama.

First, recent decisions confirm that the mere presence of some of Moving Defendants' members in Alabama does not establish that Moving Defendants purposefully availed themselves of Alabama.  *Kindred Hosps.*, 2017 WL 3622154, at *4 (no purposeful availment by self-insured plan or Blue Plan administrator even though 300 members reside in Florida); *see Bristol-Myers*, 137 S. Ct. at 1781 ("a defendant's relationship with a . . . third party, standing alone, is an insufficient basis for jurisdiction"); *Walden*, 134 S. Ct. at 1126 ("[I]t is the defendant, not the plaintiff or third parties, who must create contacts with the forum State.").

As the Fifth Circuit has held, non-resident insurers' membership in a national program that facilitates the provision of services to insureds around the country at discounted rates does not constitute purposeful availment.  *See Choice Healthcare v. Kaiser Found. Health Plan of Colo.*, 615 F.3d 364, 369-71 (5th Cir. 2010) (citing *St. Luke's Episcopal Hosp. v. La. Health Serv. & Indem. Co.*, Civ. A. No. H-08-1870, 2009 WL 47125, at *9-10 (S.D. Tex. Jan. 6, 2009)); *see also Resolution Tr. Corp. v. First Am. Bank*, 796 F. Supp. 1333, 1337 (C.D. Cal. 1992) (holding that bank's participation in national electronic fund clearinghouse, which allowed participating members' clients to obtain wire transfers in foreign states from home banks through member entities, did not establish purposeful availment).[12]

---

[12] *See also Int'l Air Med. Servs. Inc. v. Triple-S Salud Inc.*, No. 15-cv-149, 2015 WL 5158832, at *4 (D. Ariz. Sept. 3, 2015) (finding "that merely contracting with an organization that does business in all fifty states does not thereby subject [a Blue Cross Blue Shield plan] to the jurisdiction of courts throughout the country"); *Inova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 995 F. Supp. 2d 587, 618-19 (N.D. Tex. 2014) (following *Choice Healthcare* and *Resolution Trust* to find no jurisdiction over Blue Plan); *Bayada Nurses, Inc. v. Blue Cross Blue Shield of Mich.*, No. 08-cv-1241, 2008 WL 2945388, at *4, *7 (E.D. Pa. July 30, 2008) (holding conclusory allegations of BlueCard membership insufficient to support (Continued...)

The Fifth Circuit focused on the fact that there was "no [forum] contract," no "contract between the parties," and no "substantial connection to [the forum]." *Choice Healthcare*, 615 F.3d at 371; *accord Resolution Tr.*, 796 F. Supp. at 1337.  The same is true with BlueCard. Plaintiff specifically alleges that Moving Defendants do not contract with providers in Alabama (Compl. ¶¶ 4-6, 174, 313-14, 339), and there is no substantial connection to the state.  *See Choice Healthcare*, 615 F.3d at 371-72.[13]  Even if plaintiff could identify a relevant contract, courts do not find minimum contacts where "the contract was centered around [defendants'] operations outside" the forum state.  *McFadin v. Gerber*, 587 F.3d 753, 760-61 (5th Cir. 2009) (finding no minimum contacts where the "hub of activities" was not in the forum and the connection with the forum was merely "the fortuity of the plaintiff's residence there").

Second, merely paying for services provided to subscribers in the forum is not sufficient to establish personal jurisdiction.  *See Bayada Nurses*, 2008 WL 2945388, at *7 (collecting cases); *Lucile Salter Packard Children's Hosp. at Stanford v. Idaho AGC Self-Funded Benefit Tr.*, No. C 18-04927 WHA, 2019 WL 1427410, at *3 (N.D. Cal. Mar. 29, 2019); *Wiegering*,

---

finding of general jurisdiction and payment through BlueCard insufficient to establish specific jurisdiction); *Whittaker v. Med. Mut. of Ohio*, 96 F. Supp. 2d 1197, 1201 (D. Kan. 2000) (reliance on Blue Plan in forum state to process claims does not equal purposeful availment of forum state).

[13] Plaintiff alleges that "some" defendants have contracts with Alabama providers but has not alleged that any of the Moving Defendants contract with Alabama providers.  *See* Compl. ¶ 20. Although BCBS-AZ, BCBS-KS, HealthNow and BCBS-WY have a few isolated provider contracts in Alabama, it is well-established, and recently confirmed again by the Supreme Court, that a contract between a state resident and an out-of-state defendant does not automatically establish sufficient minimum contacts.  *Bristol-Myers*, 137 S. Ct. at 1783 ("The bare fact that BMS contracted with a California distributor is not enough to establish personal jurisdiction in the State."); *Walden*, 134 S. Ct. at 1122-23 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985)); *see also Banton Indus., Inc. v. Dimatic Die & Tool Co.*, 801 F.2d 1283, 1284 (11th Cir. 1986) (company not subject to personal jurisdiction when it had no contacts with forum state other than business contract with forum resident, did not solicit or actively seek business from forum state and did not have representatives in forum state).

2017 WL 1294907, at *8 (collecting cases); *Berg v. Blue Cross & Blue Shield of Utica-Watertown, Inc.*, No. C-93-2752, 1993 WL 467859, at **3-4 (N.D. Cal. Nov. 2, 1993); *see also Int'l Air Med. Servs.*, 2015 WL 5158832, at *4 (holding Arizona provider's request for payment from out-of-state Blue Plan does not create contacts between Blue Plan and Arizona). Even payment for services in Alabama using rates established by BCBS-AL does not constitute purposeful availment. *Choice Healthcare*, 615 F.3d at 371-72 (rejecting argument that participation in program allowing defendant to pay discounted rates constituted purposeful availment of forum).

Third, the affidavits of Moving Defendants demonstrate that they do not operate or solicit business in Alabama, and the small numbers of members residing or receiving treatment there does not support a finding of "purposeful availment," as confirmed by a 2017 decision. *Wiegering*, 2017 WL 1294907, at *8-9 (finding no purposeful availment by Blue Plan for administering benefits for company that happened to hire and maintain employees in Florida because "Blue Cross Massachusetts exercises no control over Boston Scientific's business decisions"). A defendant who does not operate or solicit business in the forum state does not purposefully direct its activities there by incidentally providing services to customers based in the forum state and collecting payments from them. *See Hi-Tex, Inc. v. TSG, Inc.*, 87 F. Supp. 2d 738, 744 (E.D. Mich. 2000); *see also Intrust Fin. Corp. v. Entrust Fin. Credit Union*, No. 11-cv-1312, 2012 WL 2993893, at **4-6 (D. Kan. July 20, 2012) (regional company that knowingly accepted and provided services to limited number of customers in Kansas, outside of its primary state of operation, did not purposefully avail itself of the privilege of conducting business in Kansas even though it contracted with entities outside of its primary state of operation to enable customers to receive services in other states).

19

Each Moving Defendant's principal business activity is solicitation of business in its home area. *See* Compl. ¶¶ 1, 4-6, 170, 173-74, 178. Thus, the "hub" of Moving Defendants' business activities is in their home area. *See McFadin*, 587 F.3d at 761; *Wiegering*, 2017 WL 1294907, at *8 (Blue Plan "simply administers Boston Scientific's healthcare plan and does so exclusively within the territorial borders of the Commonwealth of Massachusetts"). Any services that Moving Defendants provide to residents of or visitors to Alabama are incidental to the business that Moving Defendants solicit and transact in their home states. Moving Defendants have not purposefully availed themselves of the privilege of conducting business in Alabama just because some of their accounts have a small number of employees receiving treatment or residing outside of their home areas.

### D.   Based On Their Limited Contacts With Alabama, Moving Defendants Would Not Reasonably Anticipate Being Haled Into Court There.

Plaintiff cannot establish specific personal jurisdiction by arguing that Moving Defendants knew or expected that their members would seek treatment in other states or that their business activities would affect Alabama residents. While foreseeability is a consideration, it "has never been a sufficient benchmark for personal jurisdiction under the Due Process Clause" on its own. *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 295 (1980). The key is a defendant's conduct and connection with the forum state. *Id.*

The awareness of Moving Defendants that a small number of their members may reside or seek treatment in Alabama is insufficient to establish personal jurisdiction. *See Choice Healthcare*, 615 F.3d at 370-71; *Perez v. Pan Am. Life Ins. Co.*, 96 F.3d 1442, 1442 (5th Cir. 1996); *see also Wiegering*, 2017 WL 1294907, at *8 n.4 ("Blue Cross Massachusetts could not reasonably foresee being haled into any court in the United States based upon Boston Scientific's unilateral decision to hire an employee in any given state."). None of the contacts that plaintiff

alleges demonstrates that Moving Defendants should reasonably anticipate being hauled into court in Alabama, particularly in the absence of any evidence of purposeful availment. *See Norment Sec. Grp. v. Granger N., Inc.*, No. 2:08-cv-533-WKW, 2009 WL 458540, at *15 (M.D. Ala. Feb. 23, 2009).

> **E.      Vague Conspiracy Allegations Do Not Establish Personal Jurisdiction.**

Plaintiff also cannot establish personal jurisdiction over Moving Defendants under a "conspiracy theory." *See* Compl. ¶ 21. To rely on a conspiracy theory of personal jurisdiction, plaintiff must plead with particularity both the conspiracy and the overt acts taken within the forum in furtherance of that conspiracy. *See J&M Assocs., Inc. v. Romero*, 488 F. App'x 373, 375 (11th Cir. 2012); *Ex parte McNeese Title, LLC*, 82 So.3d 670, 675 (Ala. 2011). Vague and conclusory allegations of a conspiracy are insufficient to establish personal jurisdiction over nonresident defendants. *Ex parte Maint. Grp.*, 261 So. 3d at 347; *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1318 (11th Cir. 2006).

Plaintiff makes only vague and conclusory allegations of a conspiracy. The complaint refers to "overt acts" "in furtherance" of the alleged conspiracy, but does not identify a single one of those acts allegedly occurring in Alabama or a single fact about any such overt acts. *See* Compl. ¶¶ 20-21.

Under Alabama law, to establish jurisdiction under a conspiracy theory, plaintiff also must satisfy the requirements of due process. Plaintiff must show that (1) Moving Defendants "purposefully availed" themselves of the privilege of conducting activities within Alabama; and (2) Moving Defendants' "conduct relates to the[ir] cause[s] of action." *Giraldo*, 2012 WL 2358306, at *7; *see also Walden*, 134 S. Ct. at 1122 ("the relationship [giving rise to jurisdiction] must arise out of contacts that the defendant [ ] creates with the forum State") (internal quotation marks omitted). In 2017, the Supreme Court of Alabama confirmed that for the conspiracy

theory of jurisdiction due process requires a "substantial connection" between the forum and the alleged conspiracy.  *See Ex parte Maint. Grp.*, 261 So. 3d at 349 (quoting *Walden*, "the defendant's <u>suit-related</u> conduct <u>must</u> create a substantial connection with the forum State") (emphasis in original); *accord Matthews v. Brookstone Stores, Inc.*, 469 F. Supp. 2d 1056, 1066 (S.D. Ala. 2007); *see also Licciardello v. Lovelady*, 544 F.3d 1280, 1284-85 (11th Cir. 2008) (explaining personal jurisdiction is constitutional only when defendant "has by his own purposeful conduct created a 'substantial connection' with the forum state").

The generalized conspiracy allegations here do not support personal jurisdiction over the Moving Defendants in Alabama.  Plaintiff does not allege that Moving Defendants have contacts with Alabama sufficient to constitute "purposeful availment" of the privilege of conducting activities within Alabama.  And even if plaintiff had alleged sufficient contacts with Alabama, he does not allege how those contacts relate to the purported conspiracy.  *See Ex parte Maint. Grp., Inc.*, 261 So. 3d at 349 (dismissing for lack of personal jurisdiction under conspiracy theory where plaintiff failed to establish "sufficient nexus" between defendant's contacts with Alabama and plaintiff's claims).  Finally, plaintiff does not allege facts showing a "substantial connection" between Alabama and the alleged conspiracy—he merely alleges that BCBS-AL, like all of the other Blue Plans, is a member of the purported conspiracy.

### F.     Exercising Personal Jurisdiction Over Moving Defendants Would Not Comport With "Fair Play And Substantial Justice."

Because Moving Defendants do not have sufficient contacts with Alabama, the Court need not inquire into other factors to decide whether exercising personal jurisdiction would comport with "fair play and substantial justice."  *Madara v. Hall*, 916 F.2d 1510, 1517 (11th Cir. 1990).  But if the Court were to undertake this inquiry, the exercise of personal jurisdiction in

this case would not comport with "fair play and substantial justice" for the reasons discussed in Section I.D.1 above.

## III.     VENUE IS IMPROPER UNDER SECTIONS 4 AND 16 AND 28 U.S.C. § 1391.

Because the Northern District of Alabama lacks personal jurisdiction over Moving Defendants the question of venue in the district is moot. *See Browning Enter.*, 504 F. Supp. 2d at 1220. Venue is not proper in the district for the additional reason that neither Sections 4 or 16 of the Clayton Act, nor the general federal venue statute, allows for venue over Moving Defendants there.

### A.     There Is No Venue Under Sections 4 And 16 Of The Clayton Act.

Section 4 of the Clayton Act provides that venue is proper in the district in which the defendant "resides or is found or has an agent." 15 U.S.C. § 15(a). A corporation "resides" in a district if it is incorporated or registered to do business in the state, and is found "in any district where it 'is continuously doing business or carrying on any substantial part of its activities.'" *Pocahontas Supreme Coal Co., Inc. v. Nat'l Mines Corp.*, 90 F.R.D. 67, 69 (S.D.N.Y. 1981) (citation omitted). Moving Defendants are not incorporated or registered to do business in any district in Alabama, and do not do business in Alabama. Further, Moving Defendants do not have an agent in the Northern District of Alabama.

Section 16 of the Clayton Act is similarly unavailing because "it does not confer venue . . . , but rather, provides that a 'person . . . shall be entitled to sue for and have injunctive relief, *in any court of the United States having jurisdiction over the parties*.'" *Black v. JP Morgan Chase & Co.*, No. 2:10-cv-848, 2011 WL 4102802, at *2 n.4 (W.D. Pa. Aug. 10, 2011) (citing 15 U.S.C. § 26), *report and recommendation adopted*, 2011 WL 4089379 (Sept. 14, 2011). With no personal jurisdiction over Moving Defendants as set forth above, plaintiff cannot rely on Section 16 to establish venue.

**B.      There Is No Venue Under 28 U.S.C. § 1391.**

No provision of the general federal venue statute, 28 U.S.C. § 1391(b), provides a basis for venue.  For venue under § 1391(b)(1), one of the defendants must reside in the district and all of the defendants must reside in the state in which the district is located.  Corporate defendants are "deemed to reside" in any judicial district in which they are subject to personal jurisdiction. 28 U.S.C. § 1391(c)(2).  Because the Moving Defendants are not subject to personal jurisdiction in Alabama, venue is not proper under § 1391(b)(1).

For venue under § 1391(b)(2), courts conduct a two-part inquiry:  (1) identify what acts or omissions "gave rise" to plaintiff's claims; and (2) determine whether a "substantial part" of the acts or omissions took place in the district.  *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1372 (11th Cir. 2003).[14]  Plaintiff does not allege facts showing that any relevant acts, let alone "substantial acts," gave rise to his antitrust claims or took place in the district.[15]

Finally, § 1391(b)(3) provides that venue is proper in any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to the action, *if* there is no district in which an action may otherwise be brought under § 1391(b).  Because plaintiff has not shown that there is no other district in which venue is proper, § 1391(b)(3) does not apply. *Murdoch v. Rosenberg & Assocs., LLC*, 875 F. Supp. 2d 6, 10 (D.D.C. 2012).

---

[14] The Eleventh Circuit recognizes that the federal venue statute protects defendants and "Congress therefore meant to require courts to focus on relevant activities of the defendant, not of the plaintiff."  *Id.* at 1371-72.

[15] The Court should disregard plaintiff's conclusory statement that "a significant part of the events, acts and omissions giving rise to this action occurred in [this] District" because he provides no facts on any events, acts or omissions that supposedly occurred in Alabama.  *See* Compl. ¶ 22.

## CONCLUSION

Moving Defendants respectfully request that the Court dismiss the claims brought against them in this action for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2) and for improper venue und Fed. R. Civ. P. 12(b)(3).

June 21, 2019

Respectfully submitted,

/s/ Kathleen Taylor Sooy
Kathleen Taylor Sooy
Tracy A. Roman
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 624-2500
Fax: (202) 628-5116
ksooy@crowell.com
troman@crowell.com

Sarah M. Gilbert
Honor R. Costello
CROWELL & MORING LLP
590 Madison Avenue
New York, NY 10022
Telephone:  (212) 223-4000
sgilbert@crowell.com
hcostello@crowell.com

John M. Johnson (ASB-7318-O52J)
Brian P. Kappel (ASB-1831-B44K)
LIGHTFOOT FRANKLIN & WHITE LLC
400 20th Street North
Birmingham, AL 35203
Telephone: (205) 581-0716
Fax: (205) 380-9116
jjohnson@lightfootlaw.com
bkappel@lightfootlaw.com

*Counsel for Blue Cross Blue Shield of Arizona, Blue Cross and Blue Shield of Kansas, Inc., Blue Cross Blue Shield of North Dakota, Blue Cross Blue Shield of Wyoming, and HealthNow New York Inc. d/b/a BlueShield of Northeastern New York and BlueCross BlueShield of Western New York*